PHILIP A. WHORF *vs.* EQUITABLE MARINE INSURANCE
COMPANY.

Barnstable.   Jan. 14. — Feb. 25, 1887.   HOLMES & GARDNER, JJ., absent.

A policy of insurance upon a vessel, against the perils of the seas, provided that
the insurer should not be liable for any partial loss " on the vessel or freight,
unless it amounts to seven per cent," and, by a clause attached to the margin of
the policy, the insurer agreed to " cover the risk of loss by collision, according
to the decisions of the courts of Massachusetts prior to 1853, provided that the ,
company shall not, in any case, be liable for a greater sum than the amount in-
sured by this policy." This court decided, in 1852, that underwriters insuring a
vessel against perils of the sea are bound to pay the assured the amount paid
by him to the owners of another vessel for damages suffered in a collision with
the vessel insured, occasioned by the negligence of the master and crew of the
latter. The insured vessel came into collision with another, was herself alone
in fault, and the damages which her owner was compelled to pay the owner of
the other vessel did not amount to a sum equal to seven per cent of the value of
the vessel, as agreed in the policy. *Held,* that no action could be maintained
on the policy for the amount so paid.

CONTRACT upon a policy of insurance, issued by the defendant
to the plaintiff, on the schooner Grace F. Littleton, against the
perils of the seas.   The case was submitted to the Superior
Court, and, after judgment for the plaintiff, to this court, on
appeal, upon agreed facts, the material parts of which appear in
the opinion.

*F. Dodge,* for the defendant.

*H. P. Harriman,* for the plaintiff.

DEVENS, J.   By a proviso in the policy issued by the defend-
ant corporation, it is not to be liable for any partial loss " on the
vessel or freight, unless it amounts to seven per cent exclusive
of all charges and expenses incurred for the purpose of ascertain-
ing and proving the loss."   If this proviso applies to a loss of
such a description as that for which compensation is sought in
this action, it operates to exempt the defendant from liability,
as the loss did not amount to a sum equal to seven per cent of
the value of the vessel, as agreed in the policy.

The insured vessel came into collision with another, was
herself alone in fault, and the loss occurred by reason of the
damages which her owners were necessarily compelled to pay

the owners of the other vessel. By a clause attached to the margin of the printed form of policy, the company agrees to " cover the risk of loss by collision, according to the decisions of the courts of Massachusetts prior to 1853, provided that the company shall not, in any case, be liable for a greater sum than the amount insured by this policy."

The case of *Nelson* v. *Suffolk Ins. Co.* 8 Cush. 477, was decided in 1852, and it was there held that underwriters insuring a vessel against perils of the sea are bound to pay the assured the amount paid by him to the owners of another vessel for damages suffered in a collision with the vessel insured, occasioned by the negligence of the master and crew of the latter. As the contract in the case at bar was made in Massachusetts, and as the decision referred to has been here reaffirmed after full consideration, the policy, without the aid of the marginal clause in question, would have been held by this court to have covered a loss by collision, even if inflicted by the insured vessel, if under such circumstances she was compelled to pay for it, as well as for a loss suffered by herself. *Walker* v. *Boston Ins. Co.* 14 Gray, 288. *Blanchard* v. *Equitable Safety Ins. Co.* 12 Allen, 386. *Thwing* v. *Great Western Ins. Co.* 111 Mass. 93, 108. It may be presumed that, in view of the fact that in *General Mutual Ins. Co.* v. *Sherwood*, 14 How. 351, the United States Supreme Court has decided the point involved in *Nelson* v. *Suffolk Ins. Co.* otherwise, the parties saw fit to make their contract on this point express. See also *Thompson* v. *Reynolds*, 7 E. & B. 172.

It is the contention of the plaintiff, that, as the marginal or collision clause in the policy expressly states " that the company shall not in any case be liable for a greater sum than the amount insured by this policy," but contains no provision that the loss shall reach any fixed amount before the company shall be liable, it must be inferred that it was intended to withdraw a loss by collision, at any rate where the party insured was in fault, from the effect of the proviso which is found in the policy, namely, that a loss on the vessel must amount to seven per cent before the insurers shall be liable. When it is thus provided, it would be a very violent inference to hold that losses by collision should be exempt therefrom, because, in the clause relating to collision losses, it is said that the company will not be responsible for

them beyond the amount insured by the policy. Even if the marginal clause, because pasted on the policy, is entitled to greater weight than the general printed form, as it has sometimes been held that words written into a policy might indicate that the attention of the parties to a contract had been more particularly drawn to them, this principle is not of importance except where there is some variance between that which is written and that which is printed. There is certainly no inconsistency here between the provision as to losses by collision, and that which makes the company responsible only when the loss amounts to seven per cent. As it applies to partial losses on certain goods and freight, as well as on the vessel itself, it was without doubt inserted that the insurers might be relieved from the necessity of investigating claims for losses comparatively trifling in amount.

It is further suggested by the plaintiff, that this proviso manifestly applies to a loss by injury directly inflicted on or occurring to the vessel insured, as no other vessel is mentioned in the body of the policy. This argument disregards the ground upon which the case of *Nelson* v. *Suffolk Ins. Co.* was decided, and upon which the plaintiff would here be entitled to recover, if the loss he had been compelled to pay had amounted to seven per cent of the value of his vessel. It is because the damage done to another vessel which the insured vessel is compelled to pay is a loss to the owner insured against perils of the seas, and is in its result the same to the insured as if the damage had been done to his own ship, that it becomes a loss within the policy. If the argument of the plaintiff were sound, it would be held that there could be no recovery by the insured for the damage done to another vessel.      *Judgment for the defendant.*